NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID M. GARCIA,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>WEXFORD HEALTH SOURCES INCORPORATED,<br><br>Defendant-Appellee,<br><br>and<br><br>THERESE SCHROEDER, Warden,<br><br>Defendant,<br><br>FEY, Deputy Warden of Santa Rita Unit; CHILDREF, Captain; RICHARD JOHNSON, Inmate at Santa Rita Unit of the Tucson Complex; UNKNOWN PARTIES, named as John and Jane Doe 1-80; RICHARD PRATT, Director of Division of Health Services; CORIZON HEALTH SERVICES; LINDA HAMMER; THOMAS; LUNDBERG, Deputy Warden; TUCKER; RYAN, named as Jane Doe Ryan, wife; THOMAS, named as Jane Doe Thomas, wife; MOODY, named as Jane Doe Moody, wife; THOMPSON, named as Jane | No. 18-17010<br><br>D.C. No.<br>2:13-cv-01591-DJH-DMF<br><br>MEMORANDUM* |

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Doe Thompson, wife; RUNGE, named as Jane Doe Runge, wife; PACHECO, named as Jane Doe Pacheco, wife; JASSO, named as John Doe Jasso, husband; PURI, named as Jane Doe Puri, wife; MITCHELL CRAIG PATRICK; PATRICK, named as Jane Doe Patrick, wife; LUKER, named as Jane Doe Luker, wife; BAKER, named as John Doe Baker, husband; KOKEMOR, named as John Doe Kokemor, husband; MCCUTCHEON, named as Jane Doe McCutcheon, wife; RAWA, named as Jane Doe Rawa, wife; CORIZON HEALTH INCORPORATED; ENDE, named as Jane Doe Ende, wife; LAWRENCE ENDE; MINERETTE JASSO; J. KOKEMOR; LEWIS, named as Jane Doe Lewis, wife; CAMERON LEWIS; RANDY LUKER; MCCUTCHEON; CHRIS MOODY; MARTIN PACHECO; ASHIS PURI; THOMAS RAWA; RIAZ, named as Jane Doe Riaz, wife; JAWAD RIAZ; ROJAS, named as Jane Doe, wife; BRENDA ROJAS; ROBERT RUNGE; CHARLES L. RYAN; SMALLEY, named as John Doe Smalley, husband; CARRIE SMALLEY; C. THOMAS; IAN THOMPSON; TUCKER, named as John Doe Tucker; husband; CAREY TUCKER; BAKER, named as Jane Doe Baker, wife,

Defendants.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted August 7, 2019
San Francisco, California

2

Before:  O'SCANNLAIN, SILER,[**] and NGUYEN, Circuit Judges.

David Garcia appeals from the district court's order granting summary judgment to defendant Wexford Health Sources, Inc. ("Wexford").  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

Garcia's Third Amended Complaint does not relate back to the date on which he filed his original complaint, because Garcia failed to show that Wexford had prior notice of the action and that Wexford would not be prejudiced in defending against the untimely amended complaint.  *See* Fed. R. Civ. P. 15(c)(1); Ariz. R. Civ. P. 15(c)(2).

## II

Garcia did not set forth "hard evidence" that would be sufficient to allow a reasonable jury to conclude that he was of "unsound mind" during the limitations period.  *Doe v. Roe*, 955 P.2d 951, 964 (Ariz. 1998) (en banc).  Garcia produced evidence that might reasonably show that he was of unsound mind *after* he was released from prison in 2016.  But he did not have sufficient evidence to show that any such disability was present *during* the time that matters: the two-year

---

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

limitations period from August 2013 to August 2015. Indeed, Garcia now admits that his sister "was unable to see" how Garcia functioned while he was in prison, thus making it "all but impossible" for her to speak to the state of his mind during that time. Likewise, Dr. Merroto did not examine Garcia during the limitations period, and his medical reports from 2017 do not speak to Garcia's level of functioning more than two years earlier.

Garcia failed to identify any evidence—perhaps from a fellow inmate, a prison employee, or a visitor to the prison—of his actual condition during the limitations period other than records of his own generalized complaints about memory and concentration problems during that time. These are not the sort of "specific facts" and "hard evidence" needed to show that Garcia could not understand his legal rights or manage his daily affairs during the limitations period. *Doe*, 955 P.2d at 964; *see also Florez v. Sargeant*, 917 P.2d 250, 255 (Ariz. 1996) (en banc) ("If there is hard evidence that a person is simply incapable of carrying on the day-to-day affairs of human existence, then the statute is tolled. Otherwise it is not.").

Thus, the district court did not err in finding that Garcia's claims against Wexford—which were added to his complaint almost two years after the statute of limitations expired—are time barred.

**AFFIRMED.**

4

*Garcia v. Wexford Health Sources Inc.*, 18-17010

NGUYEN, Circuit Judge, dissenting in part:

I agree that Garcia's amended complaint does not relate back to the date of the original complaint's filing.  But in my view, the majority's finding that his claims are time-barred is not correct.  I therefore dissent from section II of the majority's disposition.

Garcia presented more than enough evidence of his inability to carry on day-to-day affairs during the statutory limitations period to survive summary judgment. There's no dispute that while incarcerated, Garcia suffered severe head injuries that required two surgeries, including a craniotomy to insert metal plates in his skull, and a two-month hospital stay.  There is also no dispute that his traumatic brain injury resulted in *permanent* cognitive impairment.  The majority faults Garcia for failing to present "hard evidence" of his actual condition during the limitations period, but at this stage, all inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Garcia presented contemporaneous records of his own persistent complaints of "problems thinking clearly," "trouble focusing on things," and "a decrease in [his] cognitive ability." Garcia experienced "dizziness, imbalance, slurred speech, blurred vision,

1

headaches, [and] nerve pain." He "need[ed] help to get [his] body and mind back to a semblance of normal."

The declaration of his sister and caregiver, Sylvia Mercado, detailed his limitations: Garcia's inability to live on his own, remember to take his blood pressure medication, manage his finances, buy groceries, make doctor's appointments, remember doctor's orders, remember his vocabulary, have an adult conversation, have a job, or "remember[] day-to-day business needed to survive." While her observations are outside the limitations period, their consistency with the nature of his injury and his cognition impairment is significant. The undisputed medical records confirm that his cognition impairment is permanent, with no treatment available. The majority's conclusion assumes that his cognitive impairments improved after two brain surgeries while he was in prison, and then somehow worsened dramatically after his release to become permanent. That conclusion draws every inference in favor of the defendants.

I respectfully dissent.

2